UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERNARD STEVENS-BEY and
DAVID L. WELLS,

                Plaintiffs,                CASE NO: 2:06-CV-10508

V.                                                      DISTRICT JUDGE DENISE PAGE HOOD
                                                      MAGISTRATE JUDGE STEVEN D. PEPE
PATRICIA CARUSO and
HUGH WOLFENBARGER,
in their individual capacities,

                Defendants.
_____/

**REPORT AND RECOMMENDATION DENYING PLAINTIFF WELLS' MOTION FOR
APPOINTMENT OF A PRISONER LEGAL ASSISTANT (DKT. #33)**

**I.    INTRODUCTION**

Plaintiffs Bernard Stevens-Bey and Plaintiff David L. Wells are prisoners in custody of the Michigan Department of Corrections (MDOC). On February 7, 2006, they filed this action under 42 U.S.C. § 1983 against Patricia Caruso and Hugh Wolfenbarger, in their individual capacities (Plaintiffs' Complaint, Dkt. #1). Ms. Caruso is the Director of the MDOC and Mr. Wolfenbarger is the Macomb County Correctional Facility (MRF) Warden (Defendants' Motion for Summary Judgment, Dkt. #15-1, p. 1). Plaintiffs state that they are non-smokers suffering from serious medical conditions associated with breathing (Plaintiffs' First Amended Complaint, Dkt. #4, p. 3), and that Defendants have failed to protect Plaintiffs from involuntary exposure to environmental tobacco smoke (ETS) in violation of the Eighth Amendment. They seek declaratory and injunctive relief, as well as an unspecified amount of monetary damages, for

1

present and future injury (Dkt. #4, p. 2). Plaintiffs also make a state law claim under the Michigan Clean Indoor Air Act, MCL §§ 33.12601, *et seq.*, which requires certain measures to minimize the effect of indoor smoke.

On August 20, 2007, Plaintiff Wells filed a motion for appointment of a prisoner legal assistant (Dkt. #33). All pre-trial matters have been referred to the undersigned (Dkt. #23). In asking that the Court appoint him a legal assistant, Plaintiff is essentially asking the Court to enter the equivalent of a preliminary injunction against the enforcement of DOM 2006-14 or DOM 2007-5. As this matter asks this Court for injunctive relief, it is being handled pursuant to 28 U.S.C. § 636(b)(1)(B), requiring that the undersigned issue a report and recommendation rather than an order regarding Plaintiff's motion.

**II.     BACKGROUND FACTS**

Prior to December of 2006, the MDOC sanctioned a program whereby inmates who were not represented by counsel could receive the assistance of other inmates through Legal Assistance Agreements, relative to matters involving their criminal conviction or conditions of confinement. Effective December 14, 2006, MDOC Director Patricia J. Caruso issued DOM 2006-14, which eliminated Legal Assistance Agreements (Dkt. #35, Ex. 1, p. 3). This DOM was superceded by DOM 2005-7, effective January 1, 2007 (Dkt. #35, Ex. 2). Noting pervasive abuse and inappropriate use of the Agreements, DOM 2007-5 states:

> After a careful evaluation of this continuing problem, I have determined that this conduct poses a threat to the custody and security of our institutions; therefore, prisoners shall no longer be allowed to enter into legal assistance agreements. Legal assistance will continue to be provided to eligible prisoners through the Legal Writer Program. In addition, prisoners shall continue to have access to law libraries for legal research as set forth in PD 05.03.115 "Law Libraries."

(Dkt. #35, Ex. 2, p. 3).

Under DOM 2007-5, eligibility for assistance from the Legal Writer Program is limited to inmates who (1) do not have a GED or high school diploma; (2) do not speak, read or write English; (3) have a physical or mental impairment that affects the ability to use a law library or file "legible and coherent" pleadings; or (4) are undergoing reception center processing.

The MDOC has determined that Plaintiff Wells does not meet any of the criteria for legal assistance, and disapproved his request for a legal assistant (Dkt. #33, Ex. E).[1] Plaintiff Wells concedes that he does not qualify for the program because he has a high school equivalency (Dkt. #33, p. 7). He now asks this Court to enjoin enforcement of DOM 2007-5, and grant him the appointment of a prisoner legal assistant. Plaintiff Wells also seeks an order to authorize his prisoner legal assistant to take possession of a specific typewriter, which offers adequate editing and file storage capabilities (Dkt. #33, p. 3).

### III. ANALYSIS

#### A. **Legal Standards**

##### 1. *Standards For Granting Injunctive Relief*

In determining whether to grant a preliminary injunction or TRO, a court must examine and weigh four factors: (1) whether the moving party has shown a strong likelihood of success on the merits; (2) whether the moving party will suffer irreparable harm if the

---

[1] Plaintiff Wells indicates that one month prior to the issuance of DOM 2006-14 he sought the approval of a legal assistance agreement (Dkt. #33, Ex. B & C). Yet, he alleges that his requests were either ignored or delayed until the effective date of DOM 2006-14 when ADW J. Scott disapproved his request based upon the authority of DOM 2006-14 (Dkt. #33, Ex. E).
  Plaintiff Wells then contested the disapproval through the administrative grievance procedure. As Plaintiff Wells concedes, the full grievance process is not yet complete (Dkt.#33, p.3; Ex. H).

injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002); *McPherson v. Michigan High School Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (en banc). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Overstreet*, 305 F.3d at 573.

Notwithstanding this balancing approach, however, the likelihood of success and irreparable harm factors predominate. Thus, "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000); *Michigan State AFLCIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997) ("While, as a general matter, none of these four factors are given controlling weight, a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed.").

Injunctive relief is an extraordinary remedy, "which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Id.*; *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). The level of proof required for the Plaintiff to obtain a preliminary injunction or TRO "is much more stringent than the proof required to survive a summary judgment motion." *Id.*

### 2. *Access to the Courts*

In *Bounds v. Smith*, 430 U.S. 817, (1977), the Supreme Court recognized a prisoner's fundamental right of access to the courts. While the right of access to the courts does not allow a State to prevent an inmate from bringing a grievance to court, it also does not require the State to

4

enable a prisoner to discover grievances or litigate effectively. *Lewis v. Casey*, 518 U.S. 343 (1996). Thus, *Bounds* did not create an abstract, free-standing right to a law library, litigation tools, or legal assistance. *Id.* at 351. Further, the right may be limited by legitimate penological goals, such as maintaining security and preventing fire or sanitation hazards. *See Acord v. Brown*, No. 91-1865, 1992 WL 58975 (6th Cir. Mar. 26, 1992); *Hadix v. Johnson*, No. 86-1701, 1988 WL 24204 (6th Cir. Mar.17, 1988); *Wagner v. Rees*, No. 85-5637, 1985 WL 14025 (6th Cir. Nov.8, 1985).

> B. **Factual Analysis**

As Plaintiff concedes, his request for appointment of a legal assistant "is not premised upon any direct court rule, statute, or constitutional provision," nor is it "premised upon a prisoner's denial of access to the courts" (Dkt. #33, p. 2, ¶ 4). Moreover, although Plaintiff is not challenging DOM 2006-14 or DOM 2007-5 as the basis of this suit, if he were, he would have little chance of success on the merits. "It is clear in this circuit that an inmate does not have an independent right to help other prisoners with their legal claims. *See Gibbs v Hopkins*, 10 F.3d 373, 378 (CA 6, 1993). Rather, a 'jailhouse lawyer's' right to assist another prisoner is wholly derivative of that prisoner's right of access to the courts; prison officials may prohibit or limit jailhouse lawyering unless doing so interferes with an inmate's ability to present his grievances to a court. *Id*." *Thaddeus-X v Blatter*, 175 F.3d 378, 395 (6th Cir. 1999).

DOM 2007-5, by its terms, sets forth circumstances under which an inmate may request legal assistance from the Legal Writer Program in order to vindicate the right of access to the courts. The Plaintiff does not fall within those circumstances.[2] Furthermore, absent a clear

---

[2] If Plaintiff believes that he being wrongfully denied assistance because he does fall within the DOM, his initial remedy lies with the MDOC grievance procedure. *See,* 42

showing of a constitutional violation, "prison regulations are allowed to infringe on prisoners' rights as long as they are rationally related to a legitimate penological concern. *Id*., citing *Turner v. Safley*, 482 U.S. 78 (1987); *See also, Olim v Wakinekona*, 461 U.S. 238 (1983).

While Plaintiff might benefit from the assistance of an inmate paralegal, he has not shown that he will be irreparably harmed if required to proceed on his own. The factual issues raised by Plaintiff are clear and straightforward. Plaintiff has demonstrated in his Complaint and subsequent filings that he understands the legal issues and can present these issues to a Court in a satisfactory manner.

On the other hand, given Director Caruso's reasons for eliminating or restricting the legal assistance program, as set forth in the DOM, there would be a harm to the efficient and orderly management of Michigan prisons and to the security concerns of the MDOC if an injunction were issued. In DOM 2006-14 and DOM 2007-5, specific concerns regarding prisoner legal assistance agreements are listed: prisoners charging for legal services; entering into agreements merely to socialize, pass contraband, meet with prisoners with whom they would otherwise be prohibited from associating, and other non-legitimate reasons; passing contraband in legal paperwork; refusing to complete or return legal paperwork to the prisoner requesting assistance; and forging legal assistance agreements. Nor would judicial interference in prison management, absent a clear constitutional violation, be in the public interest.

In sum, Plaintiff cites no authority that requires MDOC to allow prisoners to enter into legal assistance agreements. The Michigan Department of Corrections has found that such agreements pose a threat to the custody and security of prisons. The courts defer to prison

---

U.S.C. §1997e(a). Plaintiff is participating in the grievance process, but concedes the full grievance process is not yet complete (Dkt.#33, p.3; Ex. H).

administrators where interests of prison security arise. *Hensley v. Wilson*, 850 F.2d 269, 283 (6th Cir. 1988) (citing *Wolff v. McDonnell*, 418 U.S. 539 (1974)). Finally, there is no apparent public interest that would be served by granting Plaintiff his requested relief. Accordingly, it is **RECOMMENDED** that Plaintiff's motion for the appointment of a legal assistant be **DENIED.**

### IV. RECOMMENDATION

For the above stated reasons, it is recommended that Plaintiff's motion for the appointment of a legal assistant be **DENIED**. The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local*, 231, 829 F.2d 1370,1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Date: August 31, 2007    s/Steven D. Pepe
Flint, Michigan    United States Magistrate Judge

CERTIFICATE OF SERVICE

       I hereby certify that on <u>August 31, 2007</u>, I electronically filed the foregoing paper with the Clerk Court using the ECF system which will send electronic notification to the following: <u>Christine M. Campbell,</u> and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:<u> Bernard Stevens, #166360, Saginaw Correctional Facility, 9625 Pierce Rd., Freeland, MI 48623, David Wells, #125291, Macomb Regional Facility, 34625 26 Mile Rd., New Haven, MI 48048</u>

<u>s/ James P. Peltier</u>
James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church St.
Flint, MI 48502
810-341-7850
pete_peliter@mied.uscourts.gov
