**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

BERNARD STEVENS-BEY and,
DAVID L. WELLS

    Plaintiffs,

v.

PATRICIA CARUSO and
HUGH WOLFENBARGER,
in their in individual capacities,

    Defendants.
_____/

Case No. 06-10508

HONORABLE DENISE PAGE HOOD
Magistrate Judge Steven D. Pepe

## ORDER ACCEPTING MAGISTRATE'S REPORT & RECOMMENDATION

**I.    INTRODUCTION**

This matter is before the Court on Magistrate Judge Steven D. Pepe's Report and Recommendation ("Report") dated August 31, 2007. In his Report, the Magistrate Judge recommends that Plaintiff Wells' Motion for Appointment of a Prisoner Legal Assistant be denied. Plaintiff Wells filed an Objection to the Report on September 17, 2007.

**II.    FACTS & PROCEDURAL HISTORY**

Plaintiffs Bernard Stevens-Bey and David L. Wells ("Wells") are prisoners in the custody of the Michigan Department of Corrections (MDOC). On February 7, 2006, they filed this action under 42 U.S.C. § 1983 against Defendants Patricia Caruso and Hugh Wolfenbarger. Caruso is the Director of the MDOC and Wolfenbarger is the Macomb County Correctional Facility Warden.

Plaintiff Wells filed this motion on August 20, 2007, requesting[1] the appointment of prisoner

---

[1] Plaintiff Wells also requested an order authorizing prisoner Koster to take possession of a typewriter with adequate editing and file storage capabilities.

Brent E. Koster as his legal assistant in this matter. In asking the Court to appoint him a legal assistant, Wells is, in essence, asking the Court to enter the equivalent of a preliminary injunction against the enforcement of Director's Office Memorandum ("DOM") 2006-14 or 2007-5.

Prior to December of 2006, the MDOC sanctioned a legal assistant program whereby inmates could receive the legal assistance of other inmates through Legal Assistant Agreements. Effective December 14, 2006, the MDOC issued DOM 2006-14, which eliminated the use of Legal Assistant Agreements. DOM 2007-5 superceded DOM 2006-14 on January 1, 2007. Noting abuse of Legal Assistant Agreements, DOM 2007-5 provides, in pertinent part:

> After a careful evaluation of this continuing problem, I have determined that this conduct poses a threat to the custody and security of our institutions; therefore, prisoners shall no longer be allowed to enter into legal assistance agreements. Legal assistance will continue to be provided to eligible prisoners through the Legal Writer Program. In addition, prisoners shall continue to have access to law libraries for legal research as set forth in PD 05.03.115 "Law Libraries."

(Report, at 2.) The MDOC has determined that Wells is not eligible for the Legal Writer Program in addition to disapproving his request for a legal assistant. Wells now asks the Court to enjoin the enforcement of DOM 2007-5 and grant him the appointment of a prisoner legal assistant.

### III. STANDARD OF REVIEW

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(B)(1). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

### IV. LAW & ANALYSIS

The Report recommends that Plaintiff's Motion be denied, because it does not warrant preliminary injunctive relief. In determining whether to grant preliminary injunctive relief, a court must examine and weigh four factors: 1) whether the moving party has shown a strong likelihood of success on the merits; 2) whether the moving party will suffer irreparable harm if the injunction is not issued; 3) whether the issuance of the injunction would cause substantial harm to others; and 4) whether the public interest would be served by issuing the injunction. *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). While none of these factors is controlling, a finding that the motion does not have a strong likelihood of success on the merits usually results in a denial of the motion. *Michigan State AFLCIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997). The level of proof required to obtain a preliminary injunction is more stringent than the proof required to survive a motion for summary judgment. *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).

The Magistrate Judge concludes that none of the four factors militates in favor of granting Plaintiff's injunction. As to the first factor, the Magistrate Judge finds that Plaintiff is not likely to succeed on the merits of his claim, because DOM 2006-14 and DOM 2007-5 are legitimately related to a penological interest and not constitutionally impermissible. *See Turner v. Safley*, 482 U.S. 78 (1987). As to the second factor, the Magistrate Judge finds that Plaintiff will not be irreparably harmed if required to proceed with this suit on his own even though Plaintiff might benefit from the assistance of an inmate paralegal. The Magistrate Judge points to Plaintiff's competence in filing the Complaint and subsequent brief to support this contention. As to the third factor, the Magistrate Judge finds that issuing Plaintiff's injunction would cause substantial harm to the efficient and orderly management of Michigan prisons. The Magistrate Judge relies upon the security concerns

3

enunciated in DOM 2006-14 and DOM 2007-5 for this assertion. Under the fourth factor, the Magistrate Judge finds that no apparent public interest would be served by granting Plaintiff's injunction.

It appears that Plaintiff objects to the Report for two reasons. First, Plaintiff argues that the Magistrate Judge erred in applying the preliminary injunction standard of review instead of exercising its inherent supervisory powers. Plaintiff cites *Chambers v. Nasco, Inc.*, 501 U.S. 32 (1991) for this argument. Second, and in the alternative, Plaintiff challenges the Magistrate Judge's finding that a preliminary injunction in not warranted under the facts of this case.

    A.    <u>Inherent Supervisory Power</u>

Plaintiff characterizes Defendants' promulgation of DOM 2006-14 and DOM 2007-5 as egregious and bad-faith conduct imposed on him during the course of litigation, because DOM 2006-14 and DOM 2007-5 deprive him of his sole source of legal assistance. As a result, he argues that the Court should employ its inherent authority as described in *Chambers v. Nasco*.

The inherent power to which Plaintiff refers includes the power of courts "to impose silence, respect and decorum [within their walls, as well as] . . . submission to their lawful mandates." *Chambers v. Nasco, Inc.*, 501 U.S. at 43. These powers are not grounded upon rule or statute, but are "necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* This power is broad and includes, for example, the power to punish for contempt and the power to set aside "fraudulently begotten judgments." *Id.* at 44. In essence, this inherent authority "is an independent basis for sanctioning bad faith conduct in litigation" and "extends to a full range of litigation abuses." *First Bank of Marietta v. Hartford Underwriters Ins.*, 307 F.3d 501, 511 (6th Cir. 2002).

4

The Court concludes that Defendants' promulgation of DOM 2006-14 and DOM 2007-5 does not constitute "bad faith conduct in litigation." There is no evidence that these rules were implemented in bad faith or to delay these proceedings. Rather, they were promulgated under *Turner v. Safley*, 482 U.S. 78 (1987), to quell MDOC concerns of inappropriate use of legal assistance agreements by prisoners. Such inappropriate uses cited by the MDOC include prisoners charging for their legal services, entering into agreements to socialize or pass contraband, and forging legal agreements. Accordingly, the Court finds proper the Magistrate Judge's use of the preliminary injunction standard of review under these facts.

B.       Balancing of Preliminary Injunction Factors

Although Plaintiff argues that the Court should grant a preliminary injunction, none of the factors militates in favor of granting Plaintiff's request. Under the first factor, Plaintiff improperly argues that he is likely to succeed on the merits of his underlying claim of involuntary exposure to environmental tobacco smoke, and, consequently, fails to discuss the merits of his appointment of a legal assistant claim, the claim currently before the Court. Nevertheless, the Court concludes that the Magistrate Judge's analysis of the first factor of the preliminary injunction analysis is sound. To the extent that DOM 2007-5 impinges upon Plaintiff's constitutional right to access the courts, *Turner v. Safley*, 482 U.S. 78 (1987) holds that any such impingement is permissible, because, the DMOC sets forth several legitimate reasons for the rule. *Lewis v. Casey*, 518 U.S. 343, 360-62 (1996); *Thaddeus-X v. Blatter*, 175 F.3d 378, 395 (6th Cir. 1999). Because DOM 2007-5 is constitutionally permissible, Plaintiff is not likely to succeed on his appointment of legal assistance claim.

As to the second factor, Plaintiff contends that he will be irreparably harmed if required to

proceed with this suit without the assistance of an inmate paralegal. The Court disagrees. Plaintiff has obtained the equivalent of a high school diploma. Moreover, Plaintiff has neither alleged that he is illiterate nor non-English-speaking, two factors which courts have considered in evaluating harm in access-to-court cases. *See Lewis*, 518 U.S. at 355-56. As noted by the Magistrate Judge, Plaintiff has successfully filed several briefs in this action – even in the wake of DOM 2006-14 and DOM 2007-5. Although Plaintiff may indeed benefit from the assistance of an inmate paralegal, he is not entitled to such assistance based upon the belief that the assistance will increase the likelihood of obtaining a favorable judgment from this Court. *See Lewis*, 518 U.S. at 354 (noting that prisoners are not entitled to "sophisticated legal capabilities" under their right of access to courts). Under these facts, Plaintiff has not demonstrated irreparable harm.

As to the third factor, Plaintiff argues the MDOC would not incur substantial harm if the Court limits the injunction to Plaintiff and his inmate paralegal. The contention lacks merit for at least two reasons. First, the limitation of an injunction to Plaintiff and Mr. Koster would not necessarily preclude their inappropriate use of legal assistance agreements. Second, the Court's "fail[ure] to accord adequate deference to the judgment of the prison authorities" would impose substantial harm on Defendants. *See id.* at 361. Courts are not permitted to second-guess prison regulations which are reasonably related to a penological interest. *Id.* at 360-61. To do so would "seriously hamper their ability to anticipate security problems of prison administration." *Id.* (quotations and citations omitted). Because Defendants would suffer substantial harm with the issuance of an injunction, this factor does not militate in favor it its issuance.

Under the fourth factor, Plaintiff asserts that the public interest would be served by granting Plaintiff's injunction, because the public is concerned with eliminating problems associated with

prisoner access to the courts. However, Plaintiff cannot have it both ways. Under the third factor, he argues that the injunction should apply not to all prisoners–but only to Plaintiff and Mr. Koster. But as to this factor, he argues that there is a public concern regarding prisoner access to the courts–not specifically to his case, but generally to the plight of all prisoners. No public interest would be served in exempting a single prisoner from DOM 2007-5. Because Plaintiff has not demonstrated that a preliminary injunction is appropriate under these facts, his Motion Motion for Appointment of a Prisoner Legal Assistant must be denied.

## V.     CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Report and Recommendation of Magistrate Judge Steven D. Pepe (Docket No. 36, filed August 31, 2007) is **ACCEPTED** and **ADOPTED** as this Court's findings and conclusions of law.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Appointment of a Prisoner Legal Assistant (Docket No. 33, filed August 20, 2007) is **DENIED**.

s/ DENISE PAGE HOOD  
DENISE PAGE HOOD  
United States District Judge

DATED:     November 19, 2007


I hereby certify that a copy of the foregoing document was served upon counsel of record on November 19, 2007, by electronic and/or ordinary mail.

S/William F. Lewis  
Case Manager