UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERNARD STEVENS-BEY and,
DAVID L. WELLS

      Plaintiffs,

                              Case No. 06-10508

v.

                              HONORABLE DENISE PAGE HOOD
PATRICIA CARUSO and                Magistrate Judge Steven D. Pepe
HUGH WOLFENBARGER,
in their in individual capacities,

      Defendants.
_____/

**ORDER DENYING IN PART & ACCEPTING IN PART
THE MAGISTRATE'S REPORT & RECOMMENDATION
FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION**

This matter is before the Court on Magistrate Judge Steven D. Pepe's Report and Recommendation ("Report") [Dkt. #51, filed October 31, 2007]. In his Report, the Magistrate Judge recommends that Defendants' Motion for Summary Judgment [Dkt. #38, filed September 11, 2007] be granted and that Plaintiff Wells' Motion to Defer Summary Judgment [Dkt. # 47, filed October 1, 2007] be denied. Plaintiffs filed Objections to the Report on November 13, 2007. For the reasons stated below, this Court agrees with Magistrate Judge Steven D. Pepe's recommendations.

**II.    FACTS**

Plaintiffs Bernard Stevens-Bey and David L. Wells ("Wells") are prisoners in the custody of the Michigan Department of Corrections (MDOC). On February 7, 2006, they filed this 42 U.S.C. § 1983 action against Defendants Patricia Caruso and Hugh Wolfenbarger. Caruso is the

Directer of the MDOC and Wolfenbarger is the Macomb County Correctional Facility Warden. In the Complaint, Plaintiffs state that they are non-smokers suffering from serious medical conditions associated with breathing, and that Defendants have failed to protect Plaintiffs from involuntary exposure to environmental tobacco smoke ("ETS"), in violation of the Eighth Amendment. Plaintiffs also allege a state law claim under the Michigan Clean Indoor Air Act, MCL, §§ 333.12601, *et seq*., which requires certain measures to minimize the effect of indoor smoke. Plaintiffs seek injunctive relief as well as an unspecified amount of monetary damages, for present and future injury.

Mr. Stevens was housed at the Macomb County Correctional Facility ("MRF") from December 2004 until June 2005. When he transferred to MRF, he requested smoke-free housing due to allergies. Defendants complied and moved Stevens to a tobacco-free wing. Mr. Wells is currently housed at MRF. When he transferred to MRF, he requested smoke-free housing to accommodate his chronic obstructive pulmonary disease ("COPD"). One month later, he was placed in Housing Unit 3, Wing C, a designated tobacco-free environment.

Smoking is prohibited inside MRF pursuant to MDOC Policy Directive 01.03.140. Within certain "tobacco-free" designated areas of MRF, prisoners are prohibited from purchasing or possessing any smoking materials while in those tobacco-free areas. Plaintiffs allege that they are exposed to ETS even though they are housed in tobacco-free areas, because their rooms are not sealed from ETS, and because the smoking ban in the tobacco-free wing is not effectively enforced. In response, Defendants allege that MRF air quality meets industry standards, and that they vehemently enforce the MRF smoking ban by issuing misconduct tickets to rule violators.

### III. STANDARD OF REVIEW

A.      Report & Recommendation

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(B)(1). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

B.      Summary Judgment

Summary judgment is proper if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc.*, 862 F.2d 597, 601 (6th Cir. 1988). The party moving for summary judgment bears the initial burden and need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Adock v. Firestone Tire & Rubber Co.*, 822 F.2d 623, 626 (6th Cir. 1987). Rather, "the burden on the moving party may be discharged by showing . . . to the district court . . . an absence of evidence to support the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 325, 106 S. Ct. at 2554.

Once the moving party has met its burden of production, the nonmoving party must then go beyond the pleadings and by affidavits, or by "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S. Ct. at 2553. The nonmoving party must do more than show that there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). It must present significant

probative evidence in support of its complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2510-11, 91 L. Ed. 2d 202 (1986).

When ruling on a summary judgment motion, a district court should view the evidence in a light most favorable to the nonmoving party. *Boyd v. Ford Motor Co.*, 948 F.2d 283, 285 (6th Cir. 1991), *cert. denied*, 503 U.S. 939, 112 S. Ct. 1481, 117 L. Ed. 2d 624 (1992). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510.

Summary judgment is generally improper if the non-movant has not been afforded sufficient opportunity for discovery. *Vance v. United States*, 90 F.3d 1145, 1148 (6th Cir. 1996). A non-movant requiring additional discovery must file a Fed. R. Civ. P. 56(f) affidavit before the summary judgment motion is decided; the affidavit must set forth the details of the discovery needed. *Id.* at 1149. If the non-movant "makes a proper and timely showing" for additional discovery, the district court's entry of summary judgment without permitting additional discovery will constitute an abuse of discretion. *Id.* (citing *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231-32 (6th Cir. 1994)).

**IV. LAW & ANALYSIS**

In order to demonstrate liability under 42 U.S.C. § 1983, a plaintiff must establish that: 1) he was deprived of a right secured by the Constitution or laws of the United States; 2) the deprivation was caused by a person acting under color of state law; and 3) that the deprivation occurred without due process of law. *Rhodes v. McDaniel*, 945 F.2d 117, 119 (6th Cir. 1991).

4

Respondeat superior is not a basis for § 1983 liability unless the plaintiff shows, at minimum, "that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).

The Eighth Amendment protects "against conditions of confinement which constitute health threats, but not against those which cause mere discomfort or inconvenience." *Hunt v. Reynolds*, 974 F.2d 734, 735 (6th Cir. 1992) (citation omitted). An Eighth Amendment claim brought pursuant to 42 U.S.C. § 1983 must contain both an objective and a subjective component. *Id.* With respect to the subjective component, a plaintiff must prove that defendants were deliberately indifferent to his current medical needs or future health. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A prison official may be held liable under the Eighth Amendment only if "he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Within the context of Eighth Amendment ETS claims, the adoption of a non-smoking policy by prison officials "will bear heavily [in their favor] on the inquiry into deliberate indifference." *Helling v. McKinney*, 509 U.S. 25, 36 (1993). Imperfect enforcement of a non-smoking policy by prison officials does not rise to deliberate indifference. *Green v. Martin*, 83 Fed. Appx. 298, 300 (6th Cir. 2001).

With respect to the objective component, to state a *present* injury ETS claim, a plaintiff must establish that he has a serious medical need for a smoke-free environment. *Id.*, at 735-36. With respect to the objective component, to state a *future* injury ETS claim, a plaintiff must establish that the level of ETS in the prison creates an unreasonable risk of serious damage to his future health. *Helling*, 509 U.S. at 35.

5

Defendants' Motion for Summary Judgment raises the arguments that: 1) there is no genuine issue of fact with respect to Plaintiffs' Eighth Amendment claim; 2) Defendants are not liable under 42 U.S.C. § 1983 because they were not personally involved in the matters giving rise to the Complaint; 3) Defendants' alleged violation of governmental policy does not rise to the level of a constitutional violation; 4) Plaintiffs' state law claims must be dismissed for lack of jurisdiction; and 5) Defendants are entitled to qualified immunity.[1] (Report, at 9.)

In their Response, Plaintiffs dispute the arguments raised in Defendants' Motion for Summary Judgment. In addition, Plaintiff Wells submits a Motion to Defer Summary Judgment with a supporting Rule 56(f) affidavit and requests that this Court defer ruling on Defendants' Motion until Plaintiff Wells has an opportunity to conduct additional discovery. The affidavit describes the additional information that Plaintiff Wells seeks, which includes a spirometric test and a lung specialist to confirm his diagnosis of COPD, and a urine test to detect the presence of ingested second-hand tobacco smoke. (*Id.* at 9-10.)

The Report concludes that Plaintiffs "have failed to provide evidence from which a reasonable fact finder could find a present-injury or future-injury claim . . . on Plaintiffs' Eighth Amendment [c]laim." (Report, at 17.) This conclusion is based on a finding that Plaintiffs did not show deliberate indifference for the present injury claim or the future injury claim, because the air quality of MRF met Michigan environmental health standards, and because Defendants aggressively enforced the MRF no-smoking policy by issuing misconduct tickets to rule violators. (*Id.*, at 13-15, 16-17.) In concluding that Plaintiffs' Eighth Amendment claim must fail, the Report recommends that the Court not exercise supplementary jurisdiction over Plaintiffs' state law claims. (*Id.*, at 17.)

---

[1]Only the first and fourth arguments are addressed in the Report and this opinion.

The Report further concludes that summary judgment is proper even though Plaintiff Wells has requested discovery, because Plaintiffs have already been given ample time for discovery. (*Id.*, at 17-19.)

Plaintiffs raise several objections to the Report. Plaintiffs object to the Report's substantive conclusion regarding their Eighth Amendment ETS claim, as well as several factual findings of the Report which support the Report's substantive finding. (Objections, at 1.) In addition, Plaintiffs object to the Report's conclusion that summary judgment is proper, because Plaintiffs were not aware of this Court's discovery practice guidelines, and because Plaintiffs were not given notice of a discovery cut-off date. (*Id.*)

A.  Eighth Amendment Analysis

This Court agrees with the Report's conclusion that Plaintiffs "have failed to provide evidence from which a reasonable fact finder could find a present-injury or future-injury claim . . . on Plaintiffs' Eighth Amendment [c]laim." (Report, at 17.) Assuming that Plaintiffs have demonstrated that they have serious medical conditions which are aggravated by ETS or that they are being exposed to dangerous levels of ETS, they have not alleged facts to demonstrate any deliberate indifference by Defendants. Plaintiffs allege that Defendants "possess a constitutional duty to offer a smoke-free environment" and that Defendants' failure to do so constitutes "deliberate indifference." (Resp. Mot. Summ. J., at 9-10.) Plaintiffs are mistaken in this allegation, because imperfect enforcement of a non-smoking policy does not rise to deliberate indifference. *Green v. Martin*, 18 Fed. Appx. 298, 300 (6th Cir. 2001). Further, Plaintiffs fail to "go beyond the pleadings" to refute Defendants' proof that Defendants were not deliberately indifferent. *Celotex Corp.*, 477 U.S. at 324, 106 S. Ct. at 2553. Defendants submitted proof that the prison air satisfied Michigan

air quality standards and that prison officials strictly enforced the no-smoking policy. (Dkt. #38-8, at 5-14.) In their Response to Defendants' Motion for Summary Judgment, Plaintiffs do not refute either of Defendants' submissions and fail to create a genuine issue of material fact regarding deliberate indifference by Defendants.

In their Objection to the Report, Plaintiffs attempt to rebut Defendants' air quality reports by labeling them as "suspect." (Objections, at 3.) Plaintiffs allege that the air quality tests, which were conducted in the summer, are flawed, because the main ventilation system operates in the summer, but not in the winter. (*Id.*) In essence, therefore, Plaintiffs allege that the air quality of MRF does not meet Michigan air quality standards during the winter months. (*Id.*) However, Plaintiffs allegations are mere speculation and are not supported by any evidence. Accordingly, summary judgment is appropriate here; the undisputed facts do not establish an Eighth Amendment violation. *Moorer v. Price*, 83 Fed. Appx. 770, 773 (6th Cir. 2003).

### B. Motion to Defer Summary Judgment

In addition to summary judgment being *appropriate* here based upon the evidence submitted by the parties, it is also *proper* – despite Plaintiff Wells' request for additional discovery. The Report concludes that summary judgment is proper because Plaintiffs "have [already] been allowed to conduct discovery for over 20 months." (Report, at 18.) Although this Court agrees with the Report's conclusion to deny Plaintiff Wells' Motion to Defer Summary Judgment, this Court does not adopt the Report's reasoning. It appears that prisoners will often require certain medical tests to succeed on Eighth Amendment ETS claims. *See, e.g.*, *Reilly v. Grayson*, 157 F. Supp. 2d 762 (E.D. Mich. 2001) (prisoner awarded damages on ETS claim; as evidence, prisoner submitted a urine test result to establish his ingestion of tobacco smoke). If courts permit prison officials to

8

frustrate prisoner requests to obtain such medical tests, therefore, it is unclear how Eighth Amendment ETS claims could ever be won.

Wells alleges in his motion that his formal request for a spirometry test was denied by prison officials. (Mot. Defer Summ. J., at 2.) He supports this allegation with a copy of the correspondence from prison officials which denied his request. (*Id.*, Att. F.) Prison officials denied Wells' request because "evidence shows medical care is being provided to prisoner on a regular basis in response to prisoner complaints and symptomology." (*Id.*) Wells has not yet requested a continine urine test. (*Id.*, at 2.) Because Plaintiffs' Eighth Amendment ETS claim fails with respect to the deliberate indifference prong, the Court will not discuss the propriety of the decision to deny Plaintiff Wells' request for a spirometry test. However, to the extent that the denial was in any way related to Wells' filing of this action, the denial was disingenuous and is not condoned by this Court.

Summary judgment is proper here because the discovery sought by Plaintiff Wells will not affect the outcome of this case. Even if Wells gathers all of the information that he seeks through discovery, none of this information will serve to prove any deliberate indifference by Defendants. Wells seeks to discover his level of exposure to ETS and the severity of his lung condition. (Mot. to Defer Summ. J., at 1-3.) However, this information is irrelevant to whether Defendants were deliberately indifferent to Plaintiff Wells' medical condition. Accordingly, Plaintiff Wells' Motion to Defer Summary Judgment must be denied. *See Good v. Ohio Edison*, 149 F.3d 413, 422 (6th Cir. 1998) (noting that a motion to defer summary judgment must be dismissed if the nonmovant cannot show "how postponement of a ruling on the motion will enable him . . . to rebut the movant's showing of the absence of a genuine issue of fact").

Because the evidence of this case demonstrates that summary judgment is both appropriate

in light of the evidence and proper in light of Wells' inability to demonstrate a necessity for addition discovery, Defendants' Motion for Summary Judgment must be granted.

      C.      <u>Michigan Clean Indoor Act Claim</u>

This Court adopts the Report's recommendation to dismiss Plaintiffs' state law claim without prejudice, because Plaintiffs' federal Eighth Amendment ETS claim has been dismissed before trial. Although a district court has broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims, state law claims should be dismissed when all federal claims have been dismissed before trial. *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996).

**V.    CONCLUSION**

For the reasons set forth above,

IT IS ORDERED that the Report and Recommendation of Magistrate Judge Steven D. Pepe [Dkt. #51, filed October 31, 2007] is **ACCEPTED** and **ADOPTED** as this Court's findings and conclusions of law with respect to Defendants' Motion for Summary Judgment.

IT IS FURTHER ORDERED that the Report and Recommendation of Magistrate Judge Steven D. Pepe [Dkt. #51, filed October 31, 2007] is **REJECTED** as this Court's findings and conclusions of law with respect to Plaintiff Wells' Motion to Defer Summary Judgment.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment [Dkt. #38, filed September 11, 2007] is **GRANTED** with respect to Plaintiffs' federal claims.

IT IS FURTHER ORDERED that Plaintiff Wells' Motion to Defer Summary Judgment [Dkt. # 47, filed October 1, 2007] is **DENIED** with respect to Plaintiff Wells' federal claims.

10

IT IS FURTHER ORDERED that Plaintiffs' state law claim is dismissed without prejudice.

If Plaintiffs wish to re-file their state law claim in state court, they may do so.

                                                s/ DENISE PAGE HOOD
                                                DENISE PAGE HOOD
                                                United States District Judge

DATED:     January 9, 2008


I hereby certify that a copy of the foregoing document was served upon counsel of record, David L. Wells, Reg. No. 125291, Macomb Regional Facility, 34625 26 Mile Rd., New Haven, MI 48048 and Bernard Stevens, Reg. No.166360, Mound Correctional Facility, 17601 Mound Rd., Detroit, MI 48212 on January 9, 2008, by electronic and/or ordinary mail.

                                                S/William F. Lewis
                                                Case Manager